AARON D. FORD
Attorney General
NATHAN C. HOLLAND (Bar No. 15247)
  Deputy Attorney General
JORDAN K. LAUB (Bar No. 15767)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
T:  775) 684-1254
E:  nholland@ag.nv.gov
     jklaub@ag.nv.gov
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE NEVADA DIVISION OF STATE LANDS, | Case No. 3:24-cv-00190-LRH-CLB |
| Petitioner, | **MOTION TO REMAND** |
| vs. | |
| CINDY MARLIN; DANA MARLIN; MARLIN LIVING TRUST; DOES 1 to 100 and ROE CORPORATIONS 1 to 100, inclusive, | |
| Respondents. | |

Plaintiff, the Nevada Division of State Lands ("the Division"), by and through counsel, Nevada Attorney General Aaron D. Ford, Deputy Attorney General Nathan C. Holland, and Deputy Attorney General Jordan K. Laub, hereby submits this Motion to Remand the instant case to the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas. This Motion is made and based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument permitted at the hearing of this Motion.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On March 29, 2024, the Division filed a Complaint in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas against Defendants Cindy Marlin, Dana Marlin, and the Marlin Living Trust (collectively, "Defendants") for trespass, trespass to chattels, nuisance, unjust enrichment, and negligence related to Defendants' unauthorized limbing of trees on property owned by the State of Nevada. On April 27, 2024, Defendants filed a Notice of Removal, improperly removing this case to the United States District Court for the District of Nevada on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

However, removal is improper because the Division is not a "citizen" for purposes of diversity jurisdiction. It is well-settled that a state, its agencies, and its officials acting in their official capacities are not "citizens" for diversity purposes. Since the Division is an agency of the State of Nevada, there is no diversity of citizenship between the parties and this Court lacks subject matter jurisdiction.

Moreover, the Division has not waived its sovereign immunity by filing this action in state court. Under the Supreme Court's decision in *Lapides v. Board of Regents of University System of Georgia*, a state only waives its Eleventh Amendment immunity if it voluntarily invokes the jurisdiction of the federal court.[1] The Division's filing in state court and prompt motion to remand following the Defendants' improper removal does not constitute a voluntary invocation of federal jurisdiction and thus does not waive the Division's immunity. Therefore, the Division respectfully requests that this Court remand this case back to state court.

### II.   LEGAL ARGUMENT

#### A.    Legal Standard for Removal and Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action. However,

---

[1] 535 U.S. 613, 618–24 (2002).

removal statutes are strictly construed against removal jurisdiction.[2] The "strong presumption" against removal means that the defendant always has the burden of establishing that removal is proper.[3] Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.[4]

Under 28 U.S.C. § 1447(c), a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

**B.    The Court Lacks Subject Matter Jurisdiction Because the Division is Not a "Citizen" for Purposes of Diversity Jurisdiction**

Defendants' sole basis for removal is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship—each of the plaintiffs must be a citizen of a different state than each of the defendants.[5] For purposes of diversity jurisdiction, a state is not a "citizen."[6] This is because a state is not a "citizen" of itself.[7]

Defendants erroneously assert that the Division is a citizen of Nevada for diversity purposes. However, the Division is not a citizen of any state because it is an agency of the State of Nevada, created by statute.[8] The Ninth Circuit has made clear that state agencies are the "arm or alter ego" of the state, and like states themselves, they are not "citizens" for purposes of diversity jurisdiction.[9] "Suit between state and 'citizen' or corporation of another state does not present case of diverse citizenship, within jurisdiction of federal courts, 28 U.S.C.A. § 1331 *et seq.*"[10]

/ / /

---

[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
[3] *Id.*
[4] *Id.*
[5] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).
[6] *Moor v. Cty. of Alameda*, 411 U.S. 693, 717 (1973).
[7] *Id.* at 722.
[8] NRS 321.001.
[9] *State Highway Comm'n of Wyo. v. Utah Constr. Co.,* 278 U.S. 194 (1929); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981).
[10] *Id.*

Defendants improperly rely on *Moor v. Alameda County* for the proposition that the Division's capacity to sue and be sued in its own name renders it a citizen of Nevada.[11] However, Moor is inapposite because it addressed the citizenship of a political subdivision, not a state agency. The Supreme Court noted that there is a crucial distinction between political subdivisions such as counties and municipalities, which are citizens for diversity purposes, and "the State and its agencies," which are not.[12] The Division, as a state agency, is an arm of the State of Nevada, not a political subdivision. Therefore, under clear Supreme Court and Ninth Circuit precedent, the Division is not a citizen for diversity purposes.

Because the Division is not a citizen of any state, complete diversity does not exist between the parties. As such, this Court lacks subject matter jurisdiction and the case must be remanded to state court.[13]

## C.    The Division is an Arm of the State Entitled to Sovereign Immunity

In addition to lacking diversity jurisdiction, this Court also lacks subject matter jurisdiction because the Division is an arm of the state entitled to sovereign immunity under the Eleventh Amendment. The Eleventh Amendment bars suits against a state in federal court absent the state's unequivocal consent or valid Congressional abrogation.[14] This immunity extends to state agencies and state officials sued in their official capacities, as such suits are effectively suits against the state itself.[15]

To determine whether an entity is an "arm of the state" entitled to sovereign immunity, courts in the Ninth Circuit examine five factors: (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may sue or be sued; (4) whether the entity has the power

/ / /

---

[11] *See* Notice of Removal ¶ 6.
[12] *Moor*, 411 U.S. at 717–18.
[13] 28 U.S.C. § 1447(c).
[14] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).
[15] *Pennhurst*, 465 U.S. at 101.

to take property in its own name or only in the name of the state; and (5) the corporate status of the entity.[16]

Here, the factors support finding the Division is an arm of the state. First, any money judgment against the Division would be satisfied out of state funds, as the Division is funded through the state budget. This is a critical factor, as the "state treasury factor" is the "most important" in determining whether an entity is an arm of the state.[17] The Ninth Circuit has held that where "a money judgment against the [entity] would be satisfied out of the state treasury, the [entity] is an arm of the state."[18]

Second, the Division performs the central governmental function of managing and controlling state lands for the benefit of the residents of Nevada.[19] The Ninth Circuit has emphasized that if the entity performs "central government functions," this weighs in favor of immunity.[20] Managing state lands is a quintessential governmental function, as evidenced by the Division's statutory mandate to "acquire, hold, manage and dispose of all lands and interests in land owned or required by the State."[21]

Third, although the Division has the statutory right to sue and be sued in its own name,[22] this is not dispositive and does not weigh heavily in light of the other factors in the analysis that reflect the state's fundamental sovereignty interests.[23] The Ninth Circuit has consistently held that the "sue and be sued" factor is of minimal importance in the arm-of-the-state analysis.[24]

/ / /

/ / /

/ / /

---

[16] *Mitchell v. Los Angeles Cmty. College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).
[17] *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 (9th Cir. 1991).
[18] *Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 778 (9th Cir. 2005).
[19] NRS 321.0005.
[20] *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 931 (9th Cir. 2017).
[21] NRS 321.001.
[22] NRS Chapter 321.
[23] *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839–40 (9th Cir. 1997).
[24] *See, e.g., Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1187 (9th Cir. 2003); *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992).

Fourth, the Division does not have independent power to take property in its own name; rather, it holds and manages land "owned or required by the State."[25] This lack of independent property ownership weighs in favor of immunity.[26]

Finally, the Division does not have an independent corporate status; rather, it is a division within the executive branch of the state government.[27] The Ninth Circuit has found that where an entity is not separately incorporated, this "suggests it is an arm of the state."[28]

Because the factors strongly support finding the Division is an arm of the state, it is entitled to sovereign immunity under the Eleventh Amendment. Any suit against the Division is effectively a suit against the State of Nevada itself, which is barred absent Nevada's express consent or Congressional abrogation of immunity.[29]

Moreover, the Division has not waived its sovereign immunity by filing this action in state court. The Supreme Court has made clear that "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court," but "the question . . . is whether a State waives that immunity when it removes a case from state court to federal court."[30] The Court held that "the short answer to this question is that this case involves a State that voluntarily invoked the jurisdiction of the federal court, while *Ford* involved a State that a private plaintiff had involuntarily made a defendant in federal court."[31]

Here, the Division filed suit in state court as a plaintiff and has been involuntarily brought to federal court through the Defendants' improper removal. The Division has promptly moved to remand to state court. It has not "voluntarily invoked the jurisdiction of the federal court"[32] in any way. As the Court emphasized, it is a state "voluntarily invok[ing] the federal court's jurisdiction"[33] that effects a waiver, not the state "joining the

---

[25] NRS 321.0005.
[26] *Holz*, 347 F.3d at 1188.
[27] NRS 232.020; NRS 232.090.
[28] *See Sato*, 861 F.3d at 933.
[29] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).
[30] *Lapides*, 535 U.S. at 618–20.
[31] *Id*. at 622.
[32] *Id*.
[33] *Id*. at 620.

removing of this case to federal court."[34] The Division has done no such thing. It has consistently maintained its immunity and sought to keep this action in state court. Under *Lapides,* no waiver of the Division's sovereign immunity has occurred by it filing suit in state court as a plaintiff and then seeking to remand the case when the defendants removed it to federal court.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff Nevada Division of State Lands respectfully requests that this Court remand this case to the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas. Removal is improper because (1) the Division is not a "citizen" for purposes of diversity jurisdiction, and therefore complete diversity does not exist between the parties; and (2) the Division is an arm of the State of Nevada entitled to sovereign immunity under the Eleventh Amendment, and Nevada has not waived its immunity or consented to suit in federal court. Accordingly, this Court lacks subject matter jurisdiction over this action and remand to state court is required under 28 U.S.C. § 1447(c).

DATED this 17th day of May, 2024.

AARON D. FORD
Attorney General

By:    */s/ Nathan C. Holland*
NATHAN C. HOLLAND (Bar No. 15247)
  Deputy Attorney General
JORDAN K. LAUB (Bar No. 15767)
  Deputy Attorney General

---

[34] *Id.* at 624.

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 17th day of May, 2024, I served a true and correct copy of the foregoing MOTION TO REMAND, by electronic service to the participants in this case who are registered with the U.S. District Court's CM/ECF electronic service to this matter:

Maurice B. VerStandig, Esq.
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy., Ste. 665
Henderson, NV 89012
mac@mbvesq.com

*/s/ Dorene A. Wright*