AARON D. FORD
Attorney General
NATHAN C. HOLLAND (Bar No. 15247)
  Deputy Attorney General
JORDAN K. LAUB (Bar No. 15767)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
T:  775) 684-1254
E:  nholland@ag.nv.gov
    jklaub@ag.nv.gov
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE NEVADA DIVISION OF STATE LANDS,<br><br>Plaintiff,<br><br>vs.<br><br>CINDY MARLIN; DANA MARLIN; MARLIN LIVING TRUST; DOES 1 to 100 and ROE CORPORATIONS 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-00190-LRH-CLB<br><br>**MOTION TO STAY BRIEFING AND DECISION ON DEFENDANTS' MOTION TO DISMISS PENDING RULING ON PLAINTIFF'S MOTION TO REMAND** |

Plaintiff, the Nevada Division of State Lands ("the Division"), by and through counsel, Nevada Attorney General Aaron D. Ford, Deputy Attorney General Nathan C. Holland, and Deputy Attorney General Jordan K. Laub, hereby submits this Motion to Stay the Briefing and Decision on Defendants' Motion to Dismiss pending this Court's ruling on Plaintiff's Motion to Remand. This Motion is made and based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument permitted at the hearing of this Motion.

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

On March 29, 2024, the Division filed a Complaint in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas against Defendants for trespass, trespass to chattels, nuisance, unjust enrichment, and negligence related to Defendants' unauthorized limbing of trees on property owned by the State of Nevada. On April 27, 2024, Defendants removed this case to federal court on the basis of diversity jurisdiction. On May 17, 2024, the Division filed a Motion to Remand this case back to state court, arguing that this Court lacks subject matter jurisdiction because the Division is not a "citizen" for diversity purposes and is entitled to sovereign immunity as an arm of the State of Nevada.

In the interim, Defendants filed a Motion to Dismiss on May 4, 2024. The Division now moves to stay the briefing schedule and decision on Defendants' Motion to Dismiss until this Court has ruled on the Division's pending Motion to Remand. Counsel for the Division, Nathan Holland, met and conferred with counsel for Defendants, Maurice VerStandig, regarding this request, but Defendants declined to stipulate to a stay.

**II.     The Court Should Stay the Motion to Dismiss Proceedings Pending Resolution of the Threshold Jurisdictional Issues Raised in the Motion to Remand**

The Supreme Court has confirmed that "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Ninth Circuit has similarly recognized that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

/ / /

The importance of resolving jurisdictional issues before addressing the merits of a case is well-established. In *Steel Co. v. Citizens for Better Environment*, the Supreme Court clarified that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." 523 U.S. 83, 93–94 (1998). In *Steel Co. v. Citizens for Better Environment*, the Supreme Court emphasized that "[w]ithout jurisdiction the court cannot proceed at all in any cause"; it may not assume jurisdiction for the purpose of deciding the merits of the case. 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The Supreme Court later reaffirmed this principle in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), underscoring the fundamental importance of establishing jurisdiction before addressing the merits of a case. The court further noted that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Id.* at 430–31 (citing *Steel Co.*, 523 U.S. at 93–102).

Furthermore, courts have an independent obligation to ensure they have subject matter jurisdiction before reaching the merits of a case. The Supreme Court has emphasized that "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

In addition to the Supreme Court's clear guidance on the importance of establishing jurisdiction before reaching the merits of a case, the Ninth Circuit has also recognized the court's continuing obligation to assess its own subject matter jurisdiction. The Ninth Circuit has emphasized that "federal courts are courts of limited jurisdiction," and that "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*,

608 F.2d 1247, 1249 (9th Cir. 1979)). This duty to confirm jurisdiction persists throughout the litigation, as the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Ninth Circuit has also recognized this obligation, stating that "[t]he court has a continuing obligation to assess its own subject-matter jurisdiction, even if the issue is neglected by the parties." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004 ), citing (*United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir.2003)).

Given these well-established principles, it is imperative that the Court address the jurisdictional challenge raised in the Division's Motion to Remand before considering the merits of the case.

Here, the Division's Motion to Remand challenges the Court's subject matter jurisdiction and thus has the potential to dispose of the entire case. A short stay to allow this threshold jurisdictional question to be decided is therefore appropriate and well within this Court's inherent discretion as described in *Landis*. The Court's power to manage its docket efficiently amply supports a stay under these circumstances. Furthermore, staying the Motion to Dismiss proceedings until the jurisdictional issue is resolved promotes judicial economy by avoiding potentially unnecessary litigation and conserving the Court's and the parties' resources.

In light of the strong legal authority supporting a stay and the significant judicial resources that would be conserved by resolving the threshold jurisdictional question first, the Court should exercise its broad discretion to stay the Motion to Dismiss proceedings pending the resolution of the Division's Motion to Remand. This approach ensures that the Court is acting within the proper scope of its authority and avoids potentially unnecessary or improper rulings on the merits of the case.

/ / /

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, the Division respectfully requests that the Court stay the briefing and decision on Defendants' Motion to Dismiss pending resolution of the Division's Motion to Remand. This will allow the Court to address the threshold jurisdictional issues before expending resources on the merits. A short stay will not prejudice any party and will conserve judicial and litigant resources.

DATED this 30th day of May, 2024.

> AARON D. FORD
> Attorney General
>
> By:  */s/ Nathan C. Holland*
> NATHAN C. HOLLAND (Bar No. 15247)
>   Deputy Attorney General
> JORDAN K. LAUB (Bar No. 15767)
>   Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 30th day of May, 2024, I served a true and correct copy of the foregoing MOTION TO STAY BRIEFING AND DECISION ON DEFENDANTS' MOTION TO DISMISS PENDING RULING ON PLAINTIFF'S MOTION TO REMAND, by electronic service to the participants in this case who are registered with the U.S. District Court's CM/ECF electronic service to this matter:

> Maurice B. VerStandig, Esq.
> THE VERSTANDIG LAW FIRM, LLC
> 1452 W. Horizon Ridge Pkwy., Ste. 665
> Henderson, NV 89012
> mac@mbvesq.com

> */s/ Dorene A. Wright*
> An employee of the
> Office of the Nevada Attorney General