AARON D. FORD
Attorney General
NATHAN C. HOLLAND (Bar No. 15247)
  Deputy Attorney General
JORDAN K. LAUB (Bar No. 15767)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
T:  775) 684-1254
E:  nholland@ag.nv.gov
    jklaub@ag.nv.gov
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE NEVADA DIVISION OF STATE LANDS,<br><br>Plaintiff,<br><br>vs.<br><br>CINDY MARLIN; DANA MARLIN; MARLIN LIVING TRUST; DOES 1 to 100 and ROE CORPORATIONS 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-00190-ART-CLB<br><br>**REPLY IN SUPPORT OF MOTION TO REMAND** |

Plaintiff, the Nevada Division of State Lands ("the Division"), by and through counsel, Nevada Attorney General Aaron D. Ford, Deputy Attorney General Nathan C. Holland, and Deputy Attorney General Jordan K. Laub, hereby submits this Reply in Support of its Motion to Remand (ECF No. 7).

## I.    INTRODUCTION

Defendants' Opposition to the Division's Motion to Remand (ECF No. 10) ("Opposition") fundamentally misunderstands the applicable legal standard for determining whether a state agency is a "citizen" for purposes of diversity jurisdiction. Contrary to Defendants' argument, the Division is not a citizen of Nevada simply because it is the named plaintiff in this case. Rather, under well-settled Supreme Court and

1  Ninth Circuit precedent, a state agency is not a citizen of any state for diversity purposes, regardless of whether it is a plaintiff or defendant.

Defendants incorrectly assert that by filing suit, the Division has somehow admitted it is the "real party in interest" and therefore a citizen of Nevada. But the real party in interest analysis is not the proper test for determining citizenship of state agencies. The correct test, as articulated by the Supreme Court in *Moor v. County of Alameda*, is whether the entity is an "arm or alter ego of the State." 411 U.S. 693, 717 (1973). Under this test, it is clear the Division is not a citizen of any state because it is an arm of the State of Nevada.

Moreover, Defendants erroneously conflate the distinct legal concepts of sovereign immunity and citizenship for diversity purposes. The Division's status as an arm of the state entitled to sovereign immunity reinforces that it is not a citizen for diversity purposes. But these remain separate inquiries, and the Division does not waive its non-citizen status by filing suit in state court.

Because Defendants have failed to carry their burden of establishing diversity jurisdiction, this case must be remanded to state court. The Division therefore respectfully requests that the Court grant its Motion to Remand.

## II.  ARGUMENT

### A.  The Division's Status as Plaintiff or Defendant is Irrelevant to the Diversity Analysis

Defendants attempt to mislead this Court by suggesting the cases cited by the Division are inapplicable because they allegedly do not concern "the propriety of removal" or "diversity jurisdiction." Opp. at 5:12 and 8:1–2. This is simply incorrect. The key question in determining diversity jurisdiction is whether the state entity is a citizen—not whether it is a plaintiff or defendant.

The Supreme Court made this clear in *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482 (1894), which directly addressed removal based on diversity jurisdiction. The Court held: "A state is not a citizen. And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not

between citizens of different states, and that the circuit court of the United States has no jurisdiction of it, unless it arises under the constitution, laws, or treaties of the United States." *Id.* at 487. The Court further explained that because removal was improper, "the judgment of the circuit court of the United States must be reversed, and the case remanded to that court, with directions to remand it to the state court." *Id.* at 487–88.

Postal Telegraph and its progeny thus plainly concern removal and diversity jurisdiction. They establish that a state is not a citizen regardless of whether it is the plaintiff or defendant. As the Court stated, it is "immaterial whether the state brings suit, or the state is sued." *Id.* at 487. What matters is the state's inherent status as a non-citizen. Defendants' attempt to dodge this binding precedent by focusing on the Division's role as plaintiff fails.

### B. The Division is Not a Citizen Under the Arm-of-the-State Test

As explained in the Division's Motion, the proper test for determining if a state entity is a citizen for diversity purposes is the "arm-of-the-state" analysis set forth in *Moor*. Under this test, the Division is clearly not a citizen because it is an arm of the State of Nevada. Nearly all the relevant factors—the state treasury's responsibility for judgments, the Division's performance of central governmental functions, the Division's lack of independent property ownership, and the Division's status as a division of the state executive branch—demonstrate the Division is an alter ego of the state. *See* Motion at 3–6.

Defendants largely ignore these factors, relying instead on the Division's capacity to sue and be sued. Opp. at 12:3–5. But this single factor is not dispositive, and courts have consistently found that the power to sue does not override the other arm-of-the-state factors. *See, e.g., Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017) ("[T]he entity's capacity to sue and be sued is just one factor among several, and it is not determinative."). Indeed, if the ability to sue were enough to make a state entity a citizen, *Moor*'s arm-of-the-state test would be meaningless, as virtually all state agencies can sue in some capacity. The balance of the factors clearly favor arm-of-the-state status here.

///

Defendants also cite a handful of cases involving state universities and investment boards, but those entities are materially different from a division of the state's executive branch like the Division. *See* Opp. at 12:13–9:8. Defendants identify no case finding a department of state government to be a citizen under *Moor*. To the contrary, the cases uniformly hold that state agencies are arms of the state, not citizens. *See, e.g.*, *State Highway Comm'n of Wyo. v. Utah Constr. Co.*, 278 U.S. 194, 199 (1929) (state highway commission was arm of the state); *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981) (state bar was "simply an arm of the Arizona Supreme Court"). The Division, as a component of the executive branch performing core state functions, is the quintessential arm of the state under these precedents.

### C. The Division's Sovereign Immunity Reinforces Its Non-Citizen Status

Defendants concede the Division is entitled to sovereign immunity, which only confirms the Division is not a citizen for diversity purposes. Opp. at 10:10–11. The factors showing the Division is an arm of the state for immunity purposes are the same factors showing it is not a citizen under *Moor*. *See* Motion at 4–6. If the Division can assert sovereign immunity as an arm of Nevada, it necessarily follows it is not a separate citizen.

Contrary to Defendants' contention, the Division does not waive its non-citizen status by waiving immunity and filing suit in state court. The cases Defendants cite on immunity waivers all concern federal claims, not state law claims between non-diverse parties as here. *See, e.g., Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004) (state suit "was, in effect, an attempt to enforce federal tariffs"). They do not support the proposition that a state entity becomes a citizen by filing state claims. Rather, the Division's immunity and citizenship are distinct issues, and a state "does not become a citizen by engaging in litigation." *Stone v. S.C.*, 117 U.S. 430, 433 (1886).

### III. CONCLUSION

Defendants, as the removing parties, bear the burden of establishing diversity jurisdiction. They have failed to do so. Under controlling Supreme Court and Ninth Circuit precedent, the Division is an arm of the State of Nevada, not a citizen of any state,

regardless of its status as the plaintiff in this action. The Division's ability to assert sovereign immunity as an arm of the state only reinforces that it is not a separate citizen.

Complete diversity therefore does not exist and this Court lacks subject matter jurisdiction. Accordingly, the Division respectfully requests that the Court grant its Motion to Remand this case to Nevada state court.

DATED this 7th day of June, 2024.

                              AARON D. FORD
                              Attorney General

By:   */s/ Nathan C. Holland*
       NATHAN C. HOLLAND (Bar No. 15247)
        Deputy Attorney General
       JORDAN K. LAUB (Bar No. 15767)
        Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 7th day of June, 2024, I served a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION TO REMAND, by electronic service to the participants in this case who are registered with the U.S. District Court's CM/ECF electronic service to this matter:

        Maurice B. VerStandig, Esq.
        THE VERSTANDIG LAW FIRM, LLC
        1452 W. Horizon Ridge Pkwy., Ste. 665
        Henderson, NV 89012
        mac@mbvesq.com

                              */s/ Dorene A. Wright*
                              An employee of the
                              Office of the Nevada Attorney General