1   Maurice VerStandig, Esq.
Nevada Bar No.: 15346

2   THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665

3   Henderson, Nevada 89012
Telephone: (301) 444-4600

4   Facsimile: (301) 444-4600
Email:  mac@mbvesq.com

5   *Counsel for the Defendants*

6                    **UNITED STATES DISTRICT COURT**
                     **DISTRICT OF NEVADA**

7

8   THE NEVADA DIVISION OF STATE   *
     LANDS,                         *
                                 *

9        Plaintiff,              *   Case No. 3:24-cv-00190-ART-CLB
                               *

10       v.                   *
                               *

11   CINDY MARLIN; DANA MARLIN;    *
     MARLIN LIVING TRUST; DOES 1 to   *

12   100 and ROE CORPORATIONS 1 to   *
     100, inclusive,               *

13                                 *
         Defendants.            *

14                                 *

15                   **<u>OPPOSITION TO MOTION TO STAY</u>**

16        Come now Cindy Marlin ("Ms. Marlin"), Dana Marlin ("Mr. Marlin") and the Marlin

17   Living Trust (the "Trust") (collectively, the "Marlins" or "Defendants"), by and through

18   undersigned counsel, pursuant to Local Rule 7-2(b), and in opposition to the Motion to Stay

19   Briefing and Decision on Defendants' Motion to Dismiss Pending Ruling on Plaintiff's Motion

20   to Remand (the "Motion," as found at DE #12) filed by The Nevada Division of State Lands (the

21   "Land Division" or "Plaintiff") state as follows:

22

23

24

25                   OPPOSITION TO MOTION TO STAY - 1

26



## I.        Introduction

The precedent of this Honorable Court and others establishes that it is improper to stay a case while a motion to remand is pending, insofar as such works only to promote judicial inefficiency and risks undue delay—whether in federal court or state court—upon the disposition of a remand motion. The problems underlying the Land Division's complaint herein are global in nature and will necessarily transcend the pending motion for remand; there is no good reason—and the Plaintiff certainly does not meet its burden of establishing requisite good cause—for the Motion to be granted and for the pending motion to dismiss to sit indefinately without a response.

## II.       Standard

Under the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . ." Fed. R. Civ. P. 6(b)(1).

## III.      Argument: The Land Division Has Not Established Good Cause

The Motion chiefly notes—rather correctly—that this Honorable Court has the right to control its docket in the manner it sees fit, and that jurisdictional issues merit resolution before a case otherwise proceeds on the merits. But requiring a resolution of jurisdictional issues at the outset does not, *ipso facto*, equate to a stay of briefing of other issues. To the contrary, staying this case, *en toto*, while the remand motion is pending would only serve to create a paradigm where delay will invariably ensue, either in this Honorable Court or in state court, once the remand motion is ruled upon. No authority cited by the Land Division supports such a notion and case law well instructs otherwise.

Less than two months ago, this Honorable Court ruled—in the prism of a motion to stay discovery pending disposition of a remand motion—that "potential remand to state court does not warrant a stay of discovery because any discovery completed here would still be useful in the state court proceedings. . ." *Worthams v. GEICO Choice Ins. Co.*, 2024 WL 1745288, at *1 (D. Nev. Apr. 22, 2024) (citing *Grammer v. Colo. Hosp. Ass'n Shared Servs., Inc.*, 2015 WL 3938406, at *2 (D. Nev. June 26, 2015)).

While *Worthams* arises in the context of a stay of discovery, as opposed to a stay of briefing, such only amplifies the error underlying the Motion: if even discovery is to otherwise proceed in the face of a remand motion (something that is acutely not true when a dispositive motion to dismiss is pending), then it logically follows that a lesser imposition, such as briefing, ought not be stayed while a remand motion is pending. But such a logical inference need not be credited to the Defendants: *Grammer*—the case relied upon by the *Worthams* Court—arises in the context of a motion to stay briefing on a Rule 12(b)(6) motion while a motion to remand was pending. In *Grammer*, this Honorable Court held, *inter alia*, "[t]his action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision." *Grammer*, 2015 WL 3938406, at *2.

Nor is the doctrine set forth in *Grammer* and *Worthams* unique to this Honorable Court. As observed by a sister court:

> . . . good cause must be shown to obtain a stay pending a ruling on a motion to remand. The filing of a motion to remand by itself is not enough for a stay. A stay is extraordinary relief, and the requesting party "must make out a clear case of hardship or inequity in being required to go forward."

*Davis v. Fiserv, Inc.*, 2019 WL 13290924, at *1 (W.D. Mo. Oct. 16, 2019) (citing *Curry v. Pleasurecraft Marine Engine Co.*, 2013 WL 12205046, at *1 (W.D. Mo. May 28, 2013); *Ereth v.*

*GMRI, Inc.*, 2017 WL 6316645, at *3 (W.D. Mo. Dec. 11, 2017); quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); citing *Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014)).

Here, much as in the above-cited cases, it is difficult to conceive of what hardship or core inequity would visit the Land Division if required to respond to the pending motion to dismiss. And, in any event, no such hardship or inequity is set forth in the Motion. As noted by the *Davis* Court—and as is equally true *sub judice*—the rigor of responding to the motion to dismiss will persist regardless of how the remand motion is adjudicated: "Even if the Court were to grant the motion to remand, Defendants could still continue to press the same theories in state court. As to judicial economy, staying deadlines could stall progress in the case unnecessarily." *Davis*, 2019 WL 13290924, at *2.

The motion to dismiss is largely premised upon applicable statutes of limitation having elapsed pre-filing, DE #3; this is an issue that will permeate the instant case regardless of the court in which the matter is adjudicated. The motion to dismiss also notes that one of the Plaintiff's claims seems to be at odds with the legal elements underlying such a cause of action, *Id.*; again, this issue will need to be confronted without regard to the court in which this case proceeds. And there is accordingly no cognizable utility to postponing the response deadline (which, somewhat awkwardly, has now elapsed)[1] while the remand motion is assessed. A delay does not address any hardship or undue inequity—a delay simply creates further delay.

---

[1] The Defendants twice consented to an extension of the briefing deadline, so as to allow negotiations to progress. DE #6, DE #9. The second such extension of time was granted and ran through June 10, 2024. DE #13. That date has, of course, now come and gone. The Plaintiffs take no position on how best to address this temporal problem, other than to observe that they have faith in the bona fides of their motion to dismiss.

OPPOSITION TO MOTION TO STAY - 4

WHEREFORE, the Defendants respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
Facsimile: (301) 444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for the Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of June, 2024, I caused a copy of the foregoing to be served via filing through this Honorable Court's CM/ECF system, with a copy being thereby transmitted to:

Nathan C. Holland, Esq.
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
nholland@ag.nv.gov

Jordan K. Laub, Esq.
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701
jklaub@ag.nv.gov

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

