AARON D. FORD
Attorney General
NATHAN C. HOLLAND (Bar No. 15247)
 Deputy Attorney General
JORDAN K. LAUB (Bar No. 15767)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
T:  775) 684-1254
E:  nholland@ag.nv.gov
    jklaub@ag.nv.gov
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE NEVADA DIVISION OF STATE LANDS,<br><br>Plaintiff,<br><br>vs.<br><br>CINDY MARLIN; DANA MARLIN; MARLIN LIVING TRUST; DOES 1 to 100 and ROE CORPORATIONS 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-00190-ART-CLB<br><br>**REPLY IN SUPPORT OF MOTION TO STAY BRIEFING AND DECISION ON DEFENDANTS' MOTION TO DISMISS PENDING RULING ON PLAINTIFF'S MOTION TO REMAND** |

Plaintiff, the Nevada Division of State Lands ("the Division"), by and through counsel, Nevada Attorney General Aaron D. Ford, Deputy Attorney General Nathan C. Holland, and Deputy Attorney General Jordan K. Laub, hereby submits this Reply in support of its Motion to Stay Briefing and Decision on Defendants' Motion to Dismiss pending this Court's ruling on Plaintiff's Motion to Remand. This Reply is made and based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument permitted at the hearing of this Motion.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 17, 2024, the Division filed its Motion to Remand, challenging this Court's subject matter jurisdiction. Prior to that, on May 4, 2024, Defendants filed their Motion to Dismiss. Both Parties then filed two stipulated extensions granting additional time for Plaintiff to oppose Defendants' Motion to Dismiss pending the Court's resolution of Plaintiff's Motion to Remand. Defendants refused to stipulate to stay additional motion practice until the resolution of the Motion to Remand. The Division now seeks a brief stay of briefing on the Motion to Dismiss pending resolution of the jurisdictional issues raised in the Motion to Remand.

Defendants' opposition, filed on June 12, 2024, mischaracterizes the nature of the requested stay and overlooks the fundamental importance of resolving jurisdictional issues before proceeding to the merits. The Division seeks only a temporary pause in briefing on the Motion to Dismiss, not a complete halt to all proceedings. This limited stay is well within the Court's discretion and serves the interests of judicial economy by ensuring that subject matter jurisdiction is established before resources are expended addressing the merits of the case. For these reasons, and as further explained below, the Court should grant the Division's Motion to Stay Briefing and Decision on Defendants' Motion to Dismiss Pending Ruling on Plaintiff's Motion to Remand.

### II. THE COURT SHOULD EXERCISE ITS DISCRETION TO STAY PROCEEDINGS

Contrary to Defendants' assertions, a stay pending resolution of jurisdictional issues is appropriate and within this Court's discretion. The Supreme Court has confirmed that "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997). This discretion includes the power to stay proceedings pending resolution of a jurisdictional issue. *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264 (4th Cir. 2011).

///

1  While Defendants cite cases declining to stay *discovery* pending remand motions, those cases speak to suits wherein a trial is already scheduled, and not wherein an action was improperly removed. Moreover, as the Supreme Court has emphasized, resolving subject matter jurisdiction should take precedence over other issues: "[W]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

Additionally, there are important tactical considerations that motivate Defendants' demand Plaintiff oppose its Motion to Dismiss, which weigh in favor of granting a stay. Proceeding with briefing on the Motion to Dismiss before resolving the jurisdictional issues would provide Defendants with both an unfair tactical, and procedural advantage.

### III. PREVENTING UNFAIR TACTICAL ADVANTAGES

Requiring the Division to oppose Defendants' Motion to Dismiss at this stage allows Defendants to "see Plaintiff's cards" prior to remand, giving them a second bite at the apple, and increasing the cost of the Division by forcing it to oppose moot motions. If the case is remanded, Defendants are able to refile an amended version of its Motion to Dismiss in state court, strengthened by having seen Plaintiff's arguments, and all without the knowledge, or permission of the state court.

#### A. Increased Cost and Inefficiency

Opposing the Motion to Dismiss now would require the Division to research, draft, and file an additional motion, increasing the Divion's costs while only serving Defendants' tactical aims. Defendants fail to explain what utility is served by forcing the Division to oppose their motion at this time. If the Division rehashes the identical jurisdictional issues presented in the Motion to Remand, the Court would face duplicative motions based upon two hypothetical scenarios wherein (1) the Motion to Remand is granted, or (2) the Motion to Remand is denied. Neither issue addresses the substantive claims of the parties, and

///

opposing Defendants' potentially moot Motion to Dismiss due to an improper removal is an inefficient use of both the Court's and the Division's resources.

### B. Procedural Advantage

Forcing the Division to oppose the Motion to Dismiss now would give Defendants the unfair advantage of "seeing Plaintiff's cards" prior to remand. Typically, a plaintiff has only two opportunities to defeat a defendant's motion to dismiss: (1) opposition, and (2) oral argument. Defendants, on the other hand, get three opportunities: (1) motion, (2) reply, and (3) oral argument. By compelling the Division to oppose Defendants' motion now, Defendants would effectively add a fourth opportunity: the ability to amend and file a modified motion to dismiss in State Court if the case is remanded. This contravenes the typical procedural format of motion, opposition, and reply, and undermines the principle that jurisdictional issues should be resolved before delving into the merits of a case.

This would allow Defendants to refile an amended motion to dismiss strengthened by first reviewing the Division's arguments, all without the knowledge or consent of the presiding State Court. While Defendants emphasize potential statute of limitations issues, they fail to justify why they should have the opportunity to argue those issues *twice*, to two different reviewing courts.

The court in *Segin Sys., Inc. v. Stewart Title Guar. Co.,* 30 F. Supp. 3d 476, 484 (E.D. Va. 2014), recognized this concern, stating that, "[T]wo separate opportunities in two separate forums to challenge the validity of [a] patent does raise a concern of an unfair tactical advantage, giving [the defendant] two bites of the apple as to a central defense." Similarly, in *New Vision Gaming & Dev., Inc. v. Bally Gaming, Inc.*, No. 217CV01559APGPAL, 2018 WL 6171778, at *3 (D. Nev. Nov. 26, 2018), the court found that the defendant sought to gain an unfair advantage when it used multiple forums "to adjudicate the same invalidity issue."

Our legal system, both in this Federal Court and in the Ninth Judicial District Court, prefers to adjudicate matters on the merits. It does not condone abusing the Court's resources, allowing parties to benefit from natural delays in ruling on dispositive motions,

or pursuing purely tactical motives. As noted in *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 313CV00628RCJCLB, 2023 WL 2465805, at 3 (D. Nev. Mar. 10, 2023), courts should be wary of tactical gamesmanship that allows parties to gain unfair advantages in litigation. 2023 WL 2465805, at 3 (D. Nev. Mar. 10, 2023).

**IV.    A STAY PROMOTES JUDICIAL ECONOMY**

Contrary to Defendants' arguments, a brief stay to resolve jurisdictional issues promotes rather than hinders judicial economy. If the case is ultimately remanded because the Court does not have jurisdiction over Plaintiff's claims, any ruling on Defendants' Motion to Dismiss would be moot. As the Supreme Court stated in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." 523 U.S. at 84 (1998). Thus, proceeding to address the merits before confirming jurisdiction risks wasting judicial resources and potentially rendering any decisions invalid.

Moreover, the issues raised in the Motion to Dismiss are not as universally applicable as Defendants suggest. While statute of limitations defenses may be available in either court, federal pleading standards differ from Nevada's notice pleading regime. *See Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1215 (9th Cir. 2011) (noting differences between federal and California pleading standards). Thus, briefing under federal standards may prove unnecessary if the case is remanded.

Furthermore, forcing Plaintiff to oppose the Motion to Dismiss at this stage would provide Defendants with an unfair tactical advantage. It would allow Defendants to "see Plaintiff's cards" prior to the jurisdictional determination, potentially giving them a second bite at the apple. If the case is remanded, Defendants are able to refile an amended version of its Motion to Dismiss in state court, strengthened by having seen Plaintiff's arguments, and without the consent, or knowledge of the state court.

/ / /

/ / /

**V.     NO PREJUDICE WILL RESULT FROM A BRIEF STAY**

Defendants have not articulated any prejudice that would result from a brief stay pending resolution of the jurisdictional issues. The Ninth Circuit has recognized that "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity" warranting a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (internal quotations omitted). Here, a short pause in briefing while fundamental jurisdictional issues are resolved will not unduly prejudice any party.

**VI.    THE PRIMACY OF JURISDICTIONAL DETERMINATIONS**

The Supreme Court and Ninth Circuit have consistently emphasized the importance of resolving jurisdictional issues before proceeding to the merits of a case. In *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007), the Supreme Court stated: "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." 549 U.S. at 430–31 (2007).

This principle is particularly relevant in the context of removal jurisdiction. As the Ninth Circuit noted in *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." 980 F.2d 564, 566 (9th Cir. 1992). Given these clear directives from higher courts, it is appropriate to resolve the jurisdictional question raised in the Motion to Remand before addressing the merits of Defendants' Motion to Dismiss.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## VII. CONCLUSION

For the foregoing reasons, including the important considerations of judicial economy, procedural fairness, and the primacy of jurisdictional determinations, the Division respectfully requests that the Court exercise its discretion to stay briefing on Defendants' Motion to Dismiss pending resolution of the threshold jurisdictional issues raised in the Motion to Remand.

DATED this 20th day of June, 2024.

>AARON D. FORD
>Attorney General
>
>By: */s/ Nathan C. Holland*
>NATHAN C. HOLLAND (Bar No. 15247)
>Deputy Attorney General
>JORDAN K. LAUB (Bar No. 15767)
>Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 20th day of June, 2024, I served a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION TO STAY BRIEFING AND DECISION ON DEFENDANTS' MOTION TO DISMISS PENDING RULING ON PLAINTIFF'S MOTION TO REMAND, by electronic service to the participants in this case who are registered with the U.S. District Court's CM/ECF electronic service to this matter:

>Maurice B. VerStandig, Esq.
>THE VERSTANDIG LAW FIRM, LLC
>1452 W. Horizon Ridge Pkwy., Ste. 665
>Henderson, NV 89012
>mac@mbvesq.com

>*/s/ Dorene A. Wright*
>An employee of the
>Office of the Nevada Attorney General