UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE NEVADA DIVISION OF STATE LANDS,<br><br>Plaintiff,<br><br>v.<br><br>CINDY MARLIN; DANA MARLIN; MARLIN LIVING TRUST; DOES 1 to 100; and ROE CORPORATIONS 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-00190-ART-CLB<br><br>ORDER GRANTING MOTION TO REMAND |

This case involves claims by Plaintiff Nevada Division of State Lands (the "Division") against Defendants Cindy Marlin, Dana Marlin, and Marlin Living Trust relating to Defendants' alleged unauthorized limbing of trees on property owned by the State of Nevada. Plaintiff's complaint was originally filed in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas. (ECF No. 1.) Defendants removed this case to federal court and filed a motion to dismiss. (ECF No. 3.) Plaintiff then filed a motion to remand and a motion to stay. (ECF No. 7, 12.)

Because the Court lacks jurisdiction, the Court remands this case to the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas. The Court further denies as moot Defendant's motion to dismiss and Plaintiff's motion to stay.

I.  **BACKGROUND**

The Division commenced this action against Defendants in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas. (ECF No. 1 at ¶ 1.) The action concerns a parcel of property (the "State Property")

1

located within Douglas County, Nevada. (ECF No. 1-2 at ¶ 2.) Title to the State Property is in the name of the State of Nevada and the Division holds that title and manages the State Property on behalf of the State of Nevada. (*Id.*)

According to the complaint, Defendants Cindy and Dana Marlin, through the Marlin Living Trust, purchased property (the "Marlin Property") located immediately adjacent to the State Property. (*Id.* at ¶¶ 3, 11.) At the time of purchase, Jeffrey Pine trees located on the State Property obstructed a view of Lake Tahoe from the Marlin Property. (*Id.* at ¶ 11.) Shortly after the Marlins purchased the Marlin Property, the Division discovered that nine Jeffrey Pine trees located on the State Property had been excessively limbed. (*Id.* at ¶ 12.) The Division alleges that, to create a clearer view of Lake Tahoe from the Marlin Property, Defendants caused significant damage to the nine Jeffrey Pine trees located on the State Property. (*Id.* at ¶ 13.) The Division further alleges the State Property experienced an infestation of Pine Engraver Beetles and Blue Stain Fungus as well as an increased risk of conflagration as a result of Defendants' conduct.

The Division filed a complaint in state court against Defendants comprised of two trespass claims, two nuisance claims, an unjust enrichment claim, and a negligence claim. (*Id.* at ¶¶ 17-45.) The Division requests compensatory damages, punitive damages, and an award of the full increase in value to the Marlin Property unjustly conferred to Defendants by the Division. (*Id.* at ¶¶ 6-8.)

Defendants removed this action pursuant to 28 U.S.C. § 1441 (ECF No. 1 at 1) and then filed a motion to dismiss. (ECF No. 3.) The Division then filed a motion to remand and a motion to stay, requesting that the Court stay briefing related to Defendants' motion to dismiss pending the resolution of the motion to remand. (ECF Nos. 7, 12.) In their motion to stay, Defendants argue that removal was improper because there is no diversity of citizenship between parties and the Court therefore lacks subject matter jurisdiction. (ECF No. 7 at 2.)

## II. LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action filed in state court to the appropriate federal district court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). But the district court must remand the action to state court if the federal court lacks original jurisdiction. *See generally id.* Federal courts construe removal statutes in favor of remanding a case to state court. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal citations omitted).

A federal court may have original jurisdiction over a civil action if it has either federal-question jurisdiction or diversity jurisdiction. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a). In diversity cases, the burden of proving all jurisdictional facts rests on the party seeking jurisdiction. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001).

## III. DISCUSSION

Defendants removed this action from state court to this Court on the basis of diversity jurisdiction. (ECF No. 1 at ¶¶ 2-7.) To establish diversity jurisdiction, Defendants claim that Plaintiff is a citizen of the State of Nevada while Defendants are citizens of the State of California. (ECF No. 1 at ¶¶ 2-7.) In its motion to remand, Plaintiff argues that the Court lacks diversity jurisdiction because the Division, as an agency of the State of Nevada, is not considered a "citizen" for purposes of diversity jurisdiction. (ECF No. 7 at 3-4.) Plaintiff further argues that the Court lacks subject matter jurisdiction because the Division is an arm of the state entitled to sovereign immunity under the Eleventh

3

Amendment. (*Id.* at 4-8.) In response, Defendants argue that the Division is not entitled to sovereign immunity because they voluntarily brought suit in state court. (ECF No. 14 at 3-8.) Defendants also argue that the Division is a citizen of Nevada for purposes of diversity jurisdiction because they, rather than the state, are the "real party in interest." (*Id.* at 8-13.)

For the following reasons, the Court concludes that the Division is the real party in interest, and therefore is not considered a citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

**A. Diversity Jurisdiction**

It is well established that a state is not a "citizen" for purposes of diversity jurisdiction. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). "Thus, 'neither a state nor a state agency [can] be a party to a diversity action.'" *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (quoting *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "Nevertheless, 'the mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the [f]ederal court when it appears that the state has no real interest in the controversy.'" *Id.* (quoting *Ex parte Nebraska*, 2009 U.S. 436, 444 (1908)). "A state's presence in a lawsuit will defeat jurisdiction under 28 U.S.C. § 1332(a)(1) only if 'the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate.'" *Id.* (citing *Mo., Kan. and Tex. Ry. Co. v. Hickman,* 183 U.S. 53, 60 (1901)). For guidance on whether a party is a citizen for purposes of diversity jurisdiction, courts look to substantive state law and the Eleventh Amendment arm-of-the-state test. Here, neither analysis supports diversity jurisdiction.

In determining whether a state's presence in the lawsuit will defeat diversity jurisdiction because the state is the real party in interest, courts consider substantive state law. *Id.* (citing *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183.) For example, this District previously determined that the Colorado River

Commission of Nevada ("CRCN") was an agency of the state of Nevada, and thus had no citizenship for the purposes of diversity jurisdiction, where Nevada law referred to CRCN as an agent with the power to represent and act for the State of Nevada. *Nevada ex rel. Colorado River Comm'n of Nevada v. Pioneer Companies, Inc.*, 245 F. Supp. 2d 1120 (D. Nev. 2003).

Here, the Division is an agency of the state and the real party in interest. Under NRS 321.001, the Division is authorized to "acquire and hold in the name of the State of Nevada all lands and interests in land owned or required by the State," with a few exceptions, and to "administer all lands it holds which are not assigned for administration to another state agency." NRS 321.001(1). The Division "may acquire and hold land and interests in land required for any public purpose," and when it does so, "[t]itle must be taken in the name of the State of Nevada." NRS 321.001(3). In other words, Division is an agent of the State of Nevada entitled to act and take title to land on its behalf. As stated in the Division's complaint, the Division "holds title to and administers" the property at issue in this case "[o]n behalf of the State of Nevada." (ECF No. 1-2 at 3.) This suggests that the state is the real party in interest in this case. As such, the Division has no citizenship for purposes of diversity jurisdiction and this Court lacks jurisdiction.

The federal arm-of-the-state test yields the same result. Plaintiff and Defendants disagree on whether and how to incorporate the Eleventh Amendment arm-of-the-state analysis into the determination of citizenship for the purposes of diversity jurisdiction. To determine whether the state is the real party in interest for purposes of diversity jurisdiction, other circuit courts have adopted the Eleventh Amendment arm-of-the-state test. *See Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260–61 (4th Cir. 2005); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999); *Tradigrain, Inc. v. Miss. State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983). The Ninth Circuit has not

explicitly adopted this test, but has recognized that "a similar rule controls the determination of diversity jurisdiction when individual state officers or agencies are named in lieu of the state" as the Eleventh Amendment analysis. *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981).

Under the arm-of-the-state test, courts consider five factors: "(1) whether a money judgment would be satisfied out of state funds, (2) whether the entity performs central governmental functions, (3) whether the entity may sue or be sued, (4) whether the entity has the power to take property in its own name or only the name of the state, and (5) the corporate status of the entity." *Id.* "To determine these factors, the court looks to the way state law treats the entity." *ITSI T.V. Prods., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1292 (9th Cir. 1993).

Here, the first factor—whether a money judgment would be satisfied out of state funds—weighs in favor of a finding that the Division is an arm of the state. The Division is financed by the State Land Registrar through funds allocated to the Revolving Account for Land Management, which is itself funded by legislative appropriations furnished into the State General fund. NRS §§ 321.070, .067(2). This suggests that a money judgment against the Division would be satisfied by state funds.

The second factor—whether the entity performs central government functions—also weighs in favor of a finding that the Division is an arm of the state. The Division acquires, administers, and holds "all lands and interest in land owned or acquired by the State," with some exceptions. NRS 321.001(1). If additional land is required for the use of any state agency other than the Nevada Department of Transportation or the Nevada System of Higher Education, Nevada law requires the Division to select land for use by the agency, determine the value of that land, and obtain it by negotiation or, if necessary, by exercising the state's power of eminent domain. NRS § 321.001(2). These duties constitute central government functions.

1   The third factor—whether the entity may sue or be sued—weighs against a finding that the Division is an arm of the state. The Division commenced this action against Defendants in its own name; it can sue and be sued.

The fourth factor—whether the entity can take property in its own name—weighs in favor of finding the Division is an arm of the state. Nevada law requires the Division to hold property in the name of the State of Nevada. NRS § 321.001(1).

Finally, the fifth factor—the corporate status of the entity—weighs in favor of a finding that the Division is an arm of the state because the Division is not independently incorporated. Instead, it is a division of the Nevada Department of Conservation and Natural Resources, which is part of the State Executive Department.

The overall weight of the arm-of-the-state factors leads this Court to conclude that the Division is an arm of the state of Nevada for purposes of diversity jurisdiction. Therefore, the Division has no citizenship for purposes of diversity jurisdiction and this Court lacks jurisdiction.

Because the Court lacks jurisdiction over this action, it need not address Plaintiff's alternative argument that the Division is entitled to sovereign immunity as an arm of the state.

//
//
//
//
//
//
//
//
//

**IV.   CONCLUSION**

Therefore, the Court GRANTS Plaintiff's motion to remand (ECF No. 7).

The Court DENIES Defendants' motion to dismiss (ECF No. 3) and Plaintiff's motion to stay (ECF No. 12) as moot.

The Court orders the Clerk of the Court to **REMAND** this action to the Ninth Judicial District for the State of Nevada.

DATED this 4th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE